PER CURIAM.
 

 We sua sponte consolidate for disposition these appeals of an order terminating appellants’ parental rights. Appellees forthrightly concede that because the proceedings involved Indian children within the meaning of the Indian Child Welfare Act, 25 U.S.C. § 1912,
 
 et seq.,
 
 the trial court erred in not applying the standards and requirements of the Act. Most notably the trial court did not apply 25 U.S.C. § 1912(f), which requires that any order terminating parental rights to an Indian child be supported “by evidence beyond a reasonable doubt,” rather than the clear and convincing evidence standard set forth in Chapter 39, Florida Statutes.
 

 In addition, we agree with appellees that the trial court erred when it denied the affected tribe’s petition to intervene because it was not represented by a Florida attorney. The tribe had a clear right to intervene pursuant to section 1911(c) of the Act, and is not required to be represented by a member of the state bar, since enforcement of state prohibitions on the unauthorized practice of law interfere with and are thus preempted in the narrow context of state court proceedings subject to the Indian Child Welfare Act.
 
 See In re Elias L.,
 
 277 Neb. 1023, 767 N.W.2d 98 (2009);
 
 In re N.N.E.,
 
 752 N.W.2d 1 (Iowa 2008);
 
 State ex rel. Juvenile Dep’t of Lane County v. Shuey,
 
 119 Or.App. 185, 850 P.2d 378 (1993).
 

 Accordingly, the order terminating appellants’ parental rights is REVERSED and the matter is REMANDED to the circuit court for further proceedings.
 

 THOMAS, CLARK, and MARSTILLER, JJ., concur.